UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. CV 9213 <br><br> Subproceeding No. 01-02 <br><br> ORDER ON MOTION FOR A PROTECTIVE ORDER |

This matter is before the Court for consideration of the Samish Indian Nation's ("Samish") second motion for a protective order (Dkt. # 187). This motion has been opposed by the United States of America ("United States") and by the Lummi Nation ("Lummi"), the Swinomish Indian Tribal Community ("Swinomish"), the Upper Skagit Indian Tribe ("Upper Skagit"), the Tulalip Tribes ("Tulalip"), and the Port Gamble and Jamestown S'Klallam Tribes "(S'Klallam") (together, the "Treaty Tribes"). For the reasons stated below, the motion shall be denied.

DISCUSSION

This motion concerns two memos written by counsel for the Samish: one dated July 17, 1998 and addressed to the Samish Tribal Council, and one dated October 26, 1999 and addressed to Vernon Peterson, then Assistant Regional Solicitor for the United States. Copies of these memos were provided by Samish counsel to the United States to support the Samish request that the United States either provide representation for the Samish in these proceedings, or provide federal funds to hire an attorney.

ORDER - 1

25 C.F.R. § 89.40, 43.  Pursuant to these regulations, a tribe requesting such assistance must provide background information to explain why the claim it wishes to assert in litigation has merit.  *Id*.

By letter dated September 20, 1999, Mr. Peterson, Assistant Regional Counsel, stated to counsel for the Samish,

> I would like to take you up on your offer to provide additional information. . . .  I recognize that you may not want to share confidential attorney work product.  If the memorandum is confidential I would not be able to assure you it would be protected from release under the Freedom of Information Act or pursuant to discovery in *U.S. v. Washington*, if you did provide me a copy.  However, understanding your views regarding the legal basis or bases for seeking relief from judgment under Rule 60(b) would be very helpful to our office in providing legal advice to the Assistant Secretary on the issues raised in the Tribe's letter.

Declaration of Craig Dorsey, Exhibit B.  Counsel states that "I informed my client [the Samish] that "disclosure of the documents could potentially waive attorney client privileges, but that we would claim the privilege.  My client believed the issue important enough to risk waiving the privilege."  Declaration of Craig Dorsay, ¶ 4.   Subsequently, the United States declined to provide representation for the Samish in this matter.  *Id*., ¶ 5.

During discovery in this subproceeding, the United States produced copies of these two documents to the Samish in response to a discovery request.   These discovery responses, including copies of the two documents, were also provided to other parties in this subproceeding.   The Samish now assert that these documents are protected by attorney-client privilege;  they ask that all outstanding copies by returned to them, and that the adverse parties be foreclosed from using these documents in this subproceeding or any other.   Both the United States and the Treaty Tribes oppose this request.

Counsel for the Samish contends that the privilege was asserted when the documents were provided to the United States, and that he and Mr. Peterson reached a verbal agreement which was "memorialized" in Mr. Peterson's September 20, 1999, letter.  Declaration of Craig Dorsey, Exhibit C.  However, there is no evidence in the record that the privilege was ever asserted in writing.  Further, the language of the September 20 letter does not reflect any understanding or agreement, but rather advises counsel that confidentiality cannot be assured, specifically referencing discovery in this case as well as the Freedom of Information Act.  Counsel also acknowledges that the Samish assumed the risk of waiving attorney-client privilege, believing that the possible benefit of litigation funds made that worthwhile.

ORDER - 2

It is not necessary for the Court to determine whether these two documents are actually subject to attorney-client privilege,[1] because the Court finds that any attorney-client privilege that attached to the documents was waived by their disclosure to the United States. The Samish argue that this would be an unfair result, given that the United States has now aligned itself with the Treaty Tribes. However, the Court notes that under the cited regulation it was not necessary for the Samish to provide these actual documents in requesting litigation funds; all that is required is "a detailed statement describing the nature and scope of the problems for which legal services are sought," as well as a detailed financial statement. 25 C.F.R. § 89.43(a). By providing the actual documents, after being advised by the United States that it could not assure they would be protected from discovery, the Samish waived any attorney-client privilege that existed as to these two documents.

The motion for a protective order is accordingly DENIED.

Dated this _15_ day of August, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Counsel for the Samish himself described the attorney-client privilege status of these two documents as "uncertain" in an April 28, 2006 letter to counsel for the Treaty Tribes. Declaration of Craig Dorsey, Exhibit A.

ORDER - 3