UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>STATE OF WASHINGTON, et al.,<br><br>     Defendants. | CASE NO. CV 9213<br><br>Subproceeding No. 01-02<br><br>ORDER ON MOTION TO COMPEL |

This matter is before the Court for consideration of a motion to compel by the Samish Indian Nation ("Samish"). Dkt. # 223. The Samish seek to compel the Swinomish Indian Tribal Community ("Swinomish") and Lummi Nation ("Lummi") to produce certain documents generated during settlement proceedings. The Swinomish and Lummi have opposed the motion. The relevant facts are known to the parties and need not be reviewed here. For the reasons set forth below, the motion shall be granted.

DISCUSSION

In response to a Samish discovery request, the Lummi and Swinomish produced copies of a settlement agreement between them, dated June 15, 1998. This settlement agreement, which among other matters resolved issues between these two tribes regarding their rights as successors to the aboriginal Samish, was not approved by the Court nor filed in *U.S. v. Washington*. After receiving a copy of the settlement agreement, the Samish argued that they were entitled to discovery of the documents relevant to the formation of this settlement agreement. The Lummi and Swinomish asserted

ORDER - 1

that any documents that evidence communications leading to the formation of the settlement agreement are "privileged" pursuant to Federal Rule of Evidence 408, and accordingly provided a privilege log of the documents. Declaration of Craig Dorsey, Exhibit 6, 7. The Samish contend in this motion that the documents themselves should be provided.

> Rule 408 states that evidence related to a settlement agreement
>
> is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R.Evid. 408. The Samish argue that they are entitled to these documents because their purpose does not go to the liability of the settling parties, but rather to their motive in reaching the settlement, and their conduct in the earlier proceedings in this litigation. The Samish contend that these matters are relevant to the equitable considerations at issue in this subproceeding.

The Lummi and Swinomish, in response, contend that their conduct in reaching the settlement agreement is not relevant to the equitable considerations at issue in these Rule 60(b) proceedings. They contend that the issue in a Rule 60(b) motion is whether the moving party (here, the Samish) acted equitably, not whether they did. They also argue that the real purpose of the Samish motion is to force the Lummi and the Swinomish to relitigate the issue of succession from the treaty-time Samish, a matter already decided by this Court. Finally, they contend that Samish is trying to "poison the well" by implying there was a "nefarious scheme" by the other tribes to deprive the Samish their due.

The Court finds that the documents sought here fall under the Fed. R. Evid. 408 exceptions, in that they may be relevant to the undue delay which is at issue here. The Court declines to adopt the argument of the Lummi and Swinomish that only the conduct of the moving party may be considered in this Rule 60(b) proceeding. Rule 60(b)(6) relief is an extraordinary remedy, which will not be granted "unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *U.S. v. Alpine Land & Reservoir, Co.*, 984 F. 2d 1047, 1049 (9th Cir.); *cert. denied,* 510 U.S. 813 (1993). The conduct of other parties may be part of those

ORDER - 2

circumstances beyond the control of the Samish. As the documents here may be relevant to those circumstances, the Samish are entitled to discovery. Their use will be limited, by Court Order if necessary, to purposes which are permissible under Rule 408.

The Samish motion to compel is accordingly GRANTED. The disputed documents shall be provided to the Samish within one week of the date of this Order.

Dated this _15_ day of August, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3