UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　Defendants. | CASE NO. CV 9213<br><br>Subproceeding No. 01-02<br><br>ORDER ON MOTION TO COMPEL |

　　This matter is before the Court for consideration of a motion to compel by the Swinomish Indian Tribal Community ("Swinomish"). Dkt. # 231. The Samish Indian Nation ("Samish") has opposed the motion.[1] Because the motion to compel concerns an attorney-client privilege asserted by the Samish, a ruling on this motion awaited disposition of the Samish motion for a protective order. Dkt. # 187. The Court denied the protective order on August 15, 2006, ruling that two documents in question were not protected by attorney-client privilege. Dkt. # 243. The Court then directed the Swinomish to show cause why their motion to compel was not now moot. Dkt. # 263. The Swinomish responded that the Court's August 15 Order provided a basis for granting the motion to compel, not for striking it as moot. However, they have not identified what specific documents they still seek to obtain.

　　The Swinomish state that the motion here seeks to compel Samish "to identify and produce all

---

[1] One basis of the Samish opposition is the alleged untimeliness of the motion. However, the scheduling order adopted by the Court did not set a date for filing of discovery motions. Dkt. # 158. Therefore it cannot be said that this motion to compel is untimely.

ORDER - 1

documents relating to or evidencing any contacts between Samish and its attorneys on the subject of relief from judgment in *Washington II*". Response to Order to Show Cause, Dkt.# 270. In response to the actual request for production at issue, Samish asserted,

> Documents have been provided in response to Lummi discovery requests, and were copied to Swinomish. Attorney client and attorney work product privilege asserted for communications between tribal legal counsel and the Samish Tribe.

Request for Production No. 1, Dkt. # 232, Exhibit 2. Now, in response to the motion to compel, Samish states,

> [T]he Samish Tribe is not claiming attorney-client privilege for the issues that are before the Court on remand, and has provided all documents in its possession on the issues identified by Treaty Tribes on remand. The two issues that Treaty Tribes identify as having been put at issue by the Samish Tribe, related to timeliness, are "lack of an attorney and lack of funding."
>
> . . . .
>
> Samish has provided every document in its possession to the Lummi and Swinomish Tribes on these two issues. Counsel is tempted to inundate the Court and Opposition Tribes with the hundreds of pages it has provided in discovery on these two issues, to irrefutably demonstrate this point, but in the interest of judicial economy it will refrain from doing so. Instead, Samish attaches only those documents not previously provided to the Court, comprising 202 pages, relating to retention and resignation of legal counsel (back to 1978, since Lummi requested documents back to that date.)

Samish Response, Dkt. # 239, p. 3-4.

The Swinomish reply discusses principles of waiver of attorney-client privilege, but does not specifically address the Samish assertion, set forth above, as to the many documents it has already provided. Nor have the Swinomish identified any particular documents that it seeks. Pursuant to the Court's Order on Motion for a Protective Order, dated May 11, 2006 (Dkt. # 185), the Samish were to prepare a privilege log, so such documents could be ascertained. In the absence of any specificity as to which documents are requested, beyond those already provided, the motion to compel must be DENIED. Dated this 3rd day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2